IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>             Plaintiff,<br><br>     v.<br><br>MARY C. RICHARDS and GREGORY DAVID FRANCESCO GIORGI,<br><br>             Defendants.<br>_____/ | No. C 10-01062 CW<br><br>ORDER <u>SUA SPONTE</u> REMANDING ACTION TO STATE COURT AND DENYING AS MOOT DEFENDANTS' PETITION FOR A RESTRAINING ORDER AND MOTION FOR A CEASE AND DESIST ORDER |

On or before December 21, 2009, Plaintiff Bank of America, N.A. filed an unlawful detainer action in Marin County Superior Court against Defendants Mary C. Richards and Gregory David Francesco Giorgi.  See generally Bank of America, N.A. v. Richards, Case No. CV 096300, Marin County Super. Ct.  On March 12, 2010, Defendants filed a Notice of Removal, asserting that they removed the action under 28 U.S.C. §§ 1441 and 1443.[1]  They contend that this Court has subject matter jurisdiction based on their allegations that Plaintiff's filing of the unlawful detainer case,

---

[1] On March 16, 2010, Defendants filed an amended notice of removal, which asserts the same bases for jurisdiction.

1  and the foreclosure proceedings leading thereto, violated their
2  civil rights.  Defendants also seek a restraining order to enjoin
3  "an illegal foreclosure and eviction," Docket No. 3 at 1, and a
4  cease and desist order requiring the state court to halt
5  proceedings in the unlawful detainer action, Docket No. 11.
6      Under 28 U.S.C. § 1441, a "defendant may remove an action to
7  federal court based on federal question jurisdiction or diversity
8  jurisdiction."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042
9  (9th Cir. 2009) (citing 28 U.S.C. § 1441).  However, "it is to be
10 presumed that a cause lies outside the limited jurisdiction of the
11 federal courts and the burden of establishing the contrary rests
12 upon the party asserting jurisdiction."  Hunter, 582 F.3d at 1042
13 (citation, internal quotation and editing marks omitted).  Based on
14 this presumption, federal courts must resolve "all ambiguity in
15 favor of remand to state court."  Id. (citing Gaus v. Miles, 980
16 F.2d 564, 566 (9th Cir. 1992)).
17     To determine whether federal question jurisdiction exists
18 under § 1331, "the well-pleaded complaint rule 'provides that
19 federal jurisdiction exists only when a federal question is
20 presented on the face of the plaintiff's properly pleaded
21 complaint.'"  Hunter, 582 F.3d at 1042.  A plaintiff "may 'avoid
22 federal jurisdiction by relying exclusively on state law.'"  Id.
23 (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d
24 1102, 1006 (9th Cir. 2000)).  "A federal law defense to a state-law
25 claim does not confer jurisdiction on a federal court . . . ."
26 Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005)
27 (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation
28 Trust for S. Cal., 463 U.S. 1, 14 (1983)).

United States District Court
For the Northern District of California

As noted above, Defendants assert that this Court has federal question jurisdiction because their "rights to due process of law were denied." Notice of Removal at 2. Defendants complain, as they have in other cases filed in this Court, that Plaintiff lacked standing to foreclose on their property, rendering the process unlawful. These complaints do not accord this Court federal question jurisdiction over Plaintiff's unlawful detainer action. In determining whether subject matter jurisdiction is proper, the Court looks to Plaintiff's action, not Defendants' allegations concerning the action's impropriety. Although Defendants' complaints can be construed as defenses to Plaintiff's action, federal defenses to state law claims do not establish jurisdiction.

Defendants also cite 28 U.S.C. § 1443 in support of removal. Removal under § 1443(1)[2] requires defendants to satisfy a two-part test: (1) defendants "'must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights;'" (2) defendants "'must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). Even if Defendants

---

[2] Defendants do not fall under the category of persons eligible to remove actions under § 1443(2). "Section 1443(2) 'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" Miller v. Lambeth, 443 F.3d 757, 761 (10th Cir. 2006) (quoting Greenwood v. Peacock, 384 U.S. 808, 824 (1966)).

3

met the first prong, they fail to satisfy the second: they have not cited any state law that suggests that the state court will not enforce their federal rights.

The Court lacks subject matter jurisdiction over this unlawful detainer action and removal under § 1443 is not proper. Accordingly, the Court REMANDS this action to Marin County Superior Court. The Court DENIES as moot Defendants' request for a preliminary injunction and motion for a cease and desist order. (Docket Nos. 3 and 11.)

IT IS SO ORDERED.

Dated: April 15, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, NA, | Case Number: CV10-01062 CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| RICHARDS, et al., | |
| Defendants. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 15, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Mary C. Richards
Gregory David Francesco Giorgi
126 Stadium Avenue
Mill Valley, CA 94941-3593

Dated: April 15, 2010

Richard W. Wieking, Clerk
By: M. Pilotin, Deputy Clerk